IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| RESHARE COMMERCE, LLC, | § |
| | § |
| Plaintiff, | §   Civil Case No. 0:12-cv-899-SRN-SER |
| | § |
| v. | § |
| | § |
| AMWAY CORP., | §   **JURY TRIAL DEMANDED** |
| | § |
| Defendant. | § |

**PLAINTIFF RESHARE COMMERCE, LLC'S ANSWER
TO COUNTERCLAIMS OF DEFENDANT AMWAY CORP.**

Plaintiff Reshare Commerce, LLC ("Reshare" or "Plaintiff"), by and through its counsel, hereby files this Answer in response to the Counterclaims of Defendant Amway Corp. ("Amway" or "Defendant") in Amway Corp.'s Answer, Affirmative Defenses and Counterclaims (Dkt. No. 13), and responds as follows:

**THE PARTIES**

1. Amway is a Virginia corporation and has its principal place of business in Ada, Michigan.

    **ANSWER:** Admitted.

2. Reshare alleges that it is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota.

    **ANSWER:** Admitted.

**JURISDICTION AND VENUE**

3. These counterclaims are claims for Declaratory Judgment pursuant to 28 U.S.C. § 2201, which arises from actual and existing controversies between Amway and Reshare.

    **ANSWER:** Admitted.

4. These claims arise under the laws of the United States relating to patents, Title 35 of the United States Code. This Court has jurisdiction under 28 U.S.C. § 1338(a).

**ANSWER:** Admitted.

5. Reshare has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement against Amway in this District, as set forth in Reshare's Complaint.

**ANSWER:** Admitted.

## COUNT I:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT

6. Amway incorporates and realleges paragraphs 1-5 of its Counterclaims as if fully stated herein.

**ANSWER:** Reshare incorporates by reference its responses to Paragraphs 26 through 31 of this Answer as though fully set forth herein.

7. Based on allegations in the Complaint, Reshare claims to be the owner of the '641 patent.

**ANSWER:** Admitted.

8. Amway is not infringing, nor has it infringed, either directly or indirectly, any valid claim of the '641 patent asserted by Reshare in the Complaint.

**ANSWER:** Denied.

9. Reshare is precluded from asserting that any valid claims of the '641 patent cover any product or service of Amway in view of the claims, specification, prior art, and the prosecution history of the '641 patent.

**ANSWER:** Denied.

## COUNT II:  DECLARATORY JUDGMENT OF INVALIDITY

10. Amway incorporates and realleges paragraphs 1-9 of its Counterclaims as if fully stated herein.

**ANSWER**:  Reshare incorporates by reference its responses to paragraphs 1 through 9 of this Answer as though fully set forth herein.

11. At least one or more of the claims of the '641 patent asserted by Reshare in the underlying action are invalid for failure to meet the statutory requirements of Title 35 of the United States Code, including the failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or 132.

**ANSWER**:  Denied.

## AFFIRMATIVE DEFENSES

By way of further answer, as Affirmative Defenses to Defendant's Counterclaims, and without assuming any burden that it would not otherwise have, Reshare states as follows:

## FIRST AFFIRMATIVE DEFENSE

Defendant's Counterclaims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Reshare expressly reserves the right to assert any other legal or equitable defenses to which it is entitled.

## PRAYER FOR RELIEF

WHEREFORE, in addition to the relief requested in its Complaint, Plaintiff Reshare respectfully prays that this Court:

1. Dismiss Amway's Counterclaims in their entirety with prejudice with respect to Reshare, with Amway taking nothing thereby;

2. Deny all of Amway's Counterclaims against Reshare;

3.   Award Reshare its costs and attorneys' fees incurred in defending against these Counterclaims; and

4.   Award Reshare any and all further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: June 19, 2012

/s/ *Steven R. Daniels*
Steven R. Daniels (*pro hac vice*)
Bryan D. Atkinson (*pro hac vice*)
FARNEY DANIELS, LLP
800 S. Austin Avenue, Suite 200
Georgetown, Texas 78626
Tel: 512-582-2828
Fax: 512-582-2829
Email: sdaniels@farneydaniels.com
Email: batkinson@farneydaniels.com

Dwight G. Rabuse
Joshua P. Brotemarkle (386581)
Erin E. Neils (390381)
RABUSE LAW FIRM, P.A.
The Historic Rand Tower
527 Marquette Avenue, Suite 1530
Minneapolis, MN 55402
Tel.: 612-843-3333
Fax: 612-843-3330
Email: dwight@rabuselaw.com
Email: josh@rabuselaw.com
Email: erin@rabuselaw.com
**ATTORNEYS FOR PLAINTIFF
RESHARE COMMERCE, LLC**

## CERTIFICATE OF SERVICE

      I hereby certify that on June 19, 2012 I caused the foregoing document to be filed electronically with the Clerk of Court through ECF and thereby served on all counsel of record by electronic service via the Court's CM/ECF system.

                                          */s/ Steven R. Daniels*
                                          Steven R. Daniels