IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| RESHARE COMMERCE, LLC, | § § | |
| Plaintiff, | § § | Civil Case No. 0:12-cv-899-SRN-SER |
| v. | § § | |
| AMWAY CORP., | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § | |

**PLAINTIFF AND DEFENDANT'S
RULE 26(F) REPORT**

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on August 8, 2012, and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for 11:00 a.m. on August 29, 2012, before the United States Magistrate Judge Steven E. Rau in Room 334, of the U.S. Courthouse in St. Paul, Minnesota. The parties request that the initial pretrial conference be held by telephone.

(a) Description of the Case.

    (1) Concise factual summary of plaintiff's claims, including the patent number(s), date(s) of patent(s), and patentee(s):

    Reshare holds U.S. Patent No. 6,594,641 ("the '641 patent"), issued July 15, 2003, entitled "Computer Facilitated Product Selling System," that is directed to systems and methods for identifying and compensating third-party retailers when a manufacturer directly makes a sale to a customer. Defendant operates a website that Reshare alleges practice every element of one or more claims of the '641 patent and therefore Defendant is liable to Reshare for patent infringement. Reshare asks for a judgment that Defendant has infringed, an award of damages, and for Defendant to be enjoined from further infringement.

    (2) Concise factual summary of defendant's claims/defenses:

    Amway's website does not infringe the '641 patent because the website does not practice every element of any valid claim of the '641 patent. Moreover, the claims of the '641 patent are invalid because they fail to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code. Additional defenses are included in Amway's Answer filed May 29, 2012. Amway also has brought

counterclaims seeking a declaratory judgment that the '641 patent is invalid and not infringed.

(3) Statement of jurisdiction (including statutory citations):

The Court has jurisdiction over this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*. Jurisdiction over the counterclaims is proper under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 as well as 28 U.S.C. §§ 1331 and 1338(a).

(4) Summary of factual stipulations or agreements:

None

(5) Statement of whether a jury trial has been timely demanded by any party:

A jury trial has been timely demanded.

(b) Pleadings.

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

The Complaint and all responsive pleadings have been filed. The parties anticipate that additional discovery is needed before they will be in a position to determine whether to amend the pleadings.

(c) Discovery and Pleading of Additional Claims and Defenses.

(1) Discovery is permitted with respect to claims of willful infringement and defenses of patent invalidity or unenforceability not pleaded by a party, where the evidence needed to support these claims or defenses is in whole or in part in the hands of another party.

(2) Once a party has given the necessary discovery, the opposing party may seek leave of Court to add claims or defenses for which it alleges, consistent with Fed. R. Civ. P. 11, that it has support, and such support must be explained in the motion seeking leave. Leave must be liberally given where prima facie support is present, provided that the party seeks leave as soon as reasonably possible following the opposing party providing the necessary discovery.

(d) Fact Discovery.

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1) The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before September 12, 2012.

(2) The parties must commence fact discovery procedures in time to be completed by **June 28, 2013**.

(3) The parties propose that the Court limit the use and numbers of discovery procedures as follows:

(A) 25 interrogatories per side;

(B) Document requests - No additional limits beyond those imposed under the Federal Rules of Civil Procedure;

(C) Factual depositions - No additional limits beyond those imposed under the Federal Rules of Civil Procedure; and

(D) Requests for admissions - No additional limits beyond those imposed under the Federal Rules of Civil Procedure.

(e) Discovery Relating to Claim Construction Hearing.

(1) Plaintiff's Claim Chart.

(A) Plaintiff's claim chart must be served on or before October 1, 2012.

(B) Plaintiff's claim chart must provide a complete and detailed explanation of:

(i) which claim(s) of its patent(s) it alleges are being infringed;

(ii) which specific products or methods of defendant's it alleges literally infringe each claim;

(iii) where each element of each claim listed in paragraph (e)(1)(B)(i) is found in each product or method listed in paragraph (e)(1)(B)(ii), including the basis for each contention that the element is present; and

(iv) if there is a contention by plaintiff that there is infringement of any claims under the doctrine of equivalents, plaintiff must separately indicate this on its claim chart and, in addition to the information required for literal infringement, plaintiff must also explain each function, way, and result that it contends are equivalent, and why it contends that any differences are not substantial.

Plaintiff may amend its claim chart only by leave of the Court for good cause shown.

(2) Defendant's Claim Chart.

(A) Defendant's claim chart must be served on or before November 15, 2012.

(B) Defendant's claim chart must indicate with specificity which elements on plaintiff's claim chart it admits are present in its accused device or process, and which it contends are absent, including in detail the basis for its contention that the element is

absent. And, as to the doctrine of equivalents, Defendant must indicate on its chart its contentions concerning any differences in function, way, and result, and why any differences are substantial.

Defendant may amend its claim chart only by leave of Court for good cause shown.

(3) Exchange of Claim Terms and Proposed Constructions.

   (A) On or before February 8, 2013, the parties must simultaneously exchange a list of claim terms, phrases, or clauses that each party contends should be construed by the Court.

   (B) Following the exchange of the list of claim terms, phrases, or clauses, but before March 8, 2013, the parties must meet and confer for the purpose of finalizing a list of claim terms, phrases or clauses, narrowing or resolving differences, and facilitating the ultimate preparation of a joint claim construction statement, and determining whether to request a pre-claim construction conference.

   (C) During the meet and confer process, the parties must exchange their preliminary proposed construction of each claim term, phrase or clause which the parties collectively have identified for claim construction purposes and will make this exchange on or before March 15, 2013.

   (D) When exchanging their preliminary claim constructions, the parties must provide a preliminary identification of extrinsic evidence, including without limitation: dictionary definitions, citations to learned treatises and prior art, and testimony of percipient or expert witnesses that they contend support their respective claim constructions.

      (i) The parties must identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced.

      (ii) With respect to any such witness, percipient or expert, the parties must also provide a brief description of the substance of that witness' proposed testimony.

(4) Joint Patent Case Status Report.

Following the meet and confer process outlined in paragraph (e)(3)(B)-(D), above, but no later than April 5, 2013, the parties must file a joint patent case status report. The joint patent case status report must address the following:

   (A) whether the parties request a claim construction hearing to determine claim interpretation. If the parties disagree about whether a claim construction hearing should be held, the parties must state their respective positions and reasoning; and

   (B) whether the parties request a pre-claim construction conference with the Court and if so, whether they request that the pre-claim construction conference occur before or after the joint claim construction statement is filed.

      (i) If the parties request that the pre-claim construction conference occur before the joint claim construction statement is filed, the parties must state why an early conference is necessary.

    (ii) If the parties disagree about whether a pre-claim construction conference should be held, the parties must provide their respective positions and reasoning.

    (iii) If the parties request a pre-claim construction conference, the parties must submit a summary of the claim construction issues the parties wish to discuss at the conference.

(5) Joint Claim Construction Statement.

  (A) Filing the joint claim construction statement.

    (i) The joint claim construction statement must be filed with the joint patent case status report, unless the joint patent case status report requests that the pre-claim construction conference occur before the joint claim construction statement is filed.

    (ii) If the Court does not respond to the request to schedule a pre-claim construction conference within 30 days after the joint patent case status report is filed, the parties must file a joint claim construction statement.

  (B) Content of the joint claim construction statement.  The joint claim construction statement must contain the following information:

    (i) the construction of the claim terms, phrases, or clauses on which the parties agree;

    (ii) each party's proposed construction of each disputed claim term, phrase, or clause together with an identification of all references from the specification of prosecution history to support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either in support of its proposed construction of the claim or to oppose any other party's proposed construction;

    (iii) whether any party proposes to call one or more witnesses, including any experts, at the claim construction hearing; the identity of each witness; and for each expert, a summary of the opinion to be offered in sufficient detail to permit a meaningful deposition of that expert; and

    (iv) whether the parties believe that a technology tutorial would be helpful for the Court and, if so, the proposed timing and format of the tutorial.

(6) Claim Construction Hearing Order. If the Court schedules a claim construction hearing, the Court must issue an order before the hearing, addressing:

  (A) the date and time for the claim construction hearing;

  (B) whether it will receive extrinsic evidence, and if so, the particular evidence it will receive;

  (C) whether the extrinsic evidence in the form of testimony must be the affidavits already filed or in the form of live testimony from the affiants; and

  (D) a briefing schedule.

(f) Discovery Relating to Validity/Prior Art.

 (1) Defendant's Prior Art Statement.

  (A) Within 90 days of receiving plaintiff's claim chart exchanged under paragraph (e)(1) (but in no event shall defendant's prior art statement be due before December 14, 2012), defendant must serve a prior art statement, listing all of the prior art on which it relies and a complete and detailed explanation of its allegations with respect to:

   (i) which claim(s) alleged to be infringed are invalid;

   (ii) which specific prior art, if any, invalidates each claim;

   (iii) where in such prior art each element of the allegedly invalid claims may be found; and

   (iv) whether a basis for invalidity other than prior art is alleged, specifying what the basis is and whether such allegation is based upon 35 U.S.C. §§ 101, 102, 103, and 112, or another statutory provision.

  (B) Defendant may amend its prior art statement only by leave of the Court for good cause shown.

 (2) Plaintiff's Prior Art Statement.

  (A) Within 45 days of its receipt of defendant's prior art statement, plaintiff must serve a prior art statement, responding specifically to each allegation of invalidity set out in defendant's prior art statement, including its position on why the prior art or other statutory reference does not invalidate the asserted patent claims.

  (B) Plaintiff may amend its prior art statement only by leave of the Court for good cause shown.

 (3) Form of Prior Art Statements. A prior art statement may be submitted in the form of expert reports. If a prior art statement is submitted in the form of expert reports, the deadlines in paragraph (f) govern and are not extended by any different expert discovery deadlines.

(g) Expert Discovery.

 (1) The parties anticipate that they will require expert witnesses at the time of trial.

    (A) The plaintiff anticipates calling 2-3 experts in the fields of: 1) patented technology; 2) competitive makeup of the market; and 3) damages, in addition to any experts required to rebut expert opinions provided by Amway's experts.

    (B) The defendant anticipates calling 3-5 experts in the fields of: computer science/networking and communications/database structures; direct selling and multi-level marketing sales and distribution; licensing; and damages.  Defendant also will call experts to rebut expert opinions provided by Plaintiff's experts.

(2) The parties propose that the Court establish the following plan for expert discovery:

    (A) Identification of experts.

        (i) Each party must identify to the opposing party the experts who will provide a report concerning the issues on which that party has the burden of persuasion no later than 15 days after the Court issues the claim construction order;

        (ii) If the Court states that it will not issue a claim construction order, the parties must identify experts who will provide a report concerning the issues on which that party has the burden of persuasion by the close of fact discovery; or

        (iii) Alternate recommended date: None.

    (B) Initial expert reports. Initial expert reports must be prepared in accordance with Fed. R. Civ. P. 26(a)(2)(B) and address the issues on which that party has the burden of persuasion.

        (i) The parties must exchange their initial expert reports no later than 30 days after the Court issues the claim construction order;

        (ii) If the Court states that it will not issue a claim construction order, the parties must exchange their initial expert reports no later than 30 days after the close of fact discovery; or

        (iii) Alternate recommended date: None.

    (C) Rebuttal expert reports.  Rebuttal expert reports must be prepared in accordance with Fed. R. Civ. P. 26(a)(2)(B).

        (i) Rebuttal expert reports must be exchanged no later than within 30 days after the initial expert reports are exchanged; or

        (ii) Alternate recommended date: None.

    (D) All expert discovery must be completed by October 30, 2013, or 45 days after rebuttal expert reports are due, whichever is later.

(h)    Other Discovery Issues.

(1) Decision on Waiver and Discovery of Privileged Documents. Defendant may postpone the waiver of any applicable attorney-client privilege on topics relevant to claims of willful infringement, if any, until May 28, 2013, provided that all relevant privileged documents are produced no later than May 28, 2013. All additional discovery regarding the waiver will take place after May 28, 2013 and must be completed by June 28, 2013.

(2) Proposal to Conduct Discovery in Phases. The parties have met and discussed whether any discovery should be conducted in phases to reduce expenses or make discovery more effective and present the following joint/ individual proposals: The parties do not currently propose any phased discovery.

(3) Protective Order. The parties will discuss the entry of a Protective Order and submit a proposed Protective Order to the Court.

(4) Discovery of Electronically Stored Information. The parties have discussed issues about disclosure or discovery of electronically stored information as required by Fed. R. Civ. P. 26(f), including the form or forms in which it should be produced, and inform the Court of the following agreements or issues:

On or prior to September 28, 2012, the parties shall submit to the Court a joint proposal for an ESI discovery plan.

(5) Claims of Privilege or Protection. The parties have discussed issues about claims of privilege or of protection as trial-preparation materials as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production and request the Court to include the following agreement in the scheduling order:

The parties agree that privileged communications occurring after the filing of Reshare's lawsuit need not be included in the parties' respective privilege logs. The parties further agree that privileged communications with trial counsel do not need to be logged regardless of their date.

(i) Discovery Definitions.

In responding to discovery requests, each party must construe broadly terms of art used in the patent field (e.g., "prior art", "best mode", "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this provision is not satisfied by the respondent including a specific definition of the term of art in its response, and limiting its response to that definition.

(j) Proposed Motion Schedule.

The parties propose the following deadlines for filing motions:

(1) Motions seeking to join other parties must be filed and served by **March 8, 2013**.

  (2) Motions seeking to amend the pleadings must be filed and served by **March 8, 2013**.

  (3) All other non-dispositive motions must be filed and served by **the close of expert discovery**.

  (4) All dispositive motions must be filed and served by **December 6, 2013, or 30 days after the the close of expert discovery, whichever is later**.

(k) Trial-Ready Date.

  (1) The parties agree that the case will be ready for trial on or after April 7, 2014.

  (2) The parties propose that the final pretrial conference be held on or before March 3, 2014.

(l) Settlement.

  (1) The parties discussed settlement positions on August 8, 2012, but no resolution was reached.

  (2) The parties are open to participating in a settlement conference. The parties propose that they discuss settlement between themselves and, if necessary, approach the Court to schedule a settlement conference at a point when such a settlement conference would result in meaningful settlement discussions and a potential settlement.

(m) Trial by Magistrate Judge.

The parties have not agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c).

(n) Patent Procedure Tutorial.

The parties have not yet agreed on whether the video "An Introduction to the Patent System," distributed by the Federal Judicial Center, should be shown to the jurors in connection with its preliminary jury instructions. The parties will come to an agreement with respect to the video by the close of expert discovery.

Respectfully submitted,

Dated: August 22, 2012  /s/ Steven R. Daniels
Steven R. Daniels (Admitted *Pro Hac Vice*)
Bryan Atkinson (Admitted *Pro Hac Vice*)
FARNEY DANIELS LLP
800 S. Austin Ave., Suite 200
Georgetown, TX  78626
Telephone: (512) 582-2828
Facsimile: (512) 582-2829
Email: sdaniels@farneydaniels.com
Email:  batkinson@farneydaniels.com

Dwight G. Rabuse (0209429)
Joshua P. Brotemarkle (386581)
Erin E. Neils (390381)
RABUSE LAW FIRM, P.A.
The Historic Rand Tower
527 Marquette Avenue, Suite 1530
Minneapolis, MN 55402
Telephone:  (612) 843-3333
Facsimile:  (612) 843-3330
Email: Dwight@rabuselaw.com
Email: Josh@rabuselaw.com
Email: Erin@rbuselaw.com

**Attorneys for Plaintiff Reshare Commerce, LLC**

Dated: August 22, 2012  /s/ James R. Sobieraj

James R. Sobieraj (Illinois Bar No. 6183779)
Laura B. Miller (Illinois Bar No. 6191408)
Scott A. Timmerman (Illinois Bar No. 6284137)
Joseph S. Hanasz (Illinois Bar No. 6292951)
Brinks Hofer Gilson & Lione
NBC Tower, Suite 3600
455 N. Cityfront Plaza Drive
Chicago, Illinois 60611-5599
Tel: (312) 321-4200
Fax: (312) 321-4299
E-mail: *jsobieraj@brinkshofer.com*
E-mail: *lmiller@brinkshofer.com*
E-mail: *stimmerman@brinkshofer.com*
E-mail: *jhanasz@brinkshofer.com*

Michael C. Flom
Gray Plant Mooty
500 IDS Center
80 South 8th St.
Minneapolis MN 55402
Tel: (612) 632-3066
Fax: (612) 632-4066
E-mail: *michael.flom@gpmlaw.com*

**Attorneys for Defendant Amway Corp.**