# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| RESHARE COMMERCE, LLC, | Case No. 0:12-cv-899-SRN-SER |
| Plaintiff, | |
| v. | **ORDER** |
| AMWAY CORP., | |
| Defendant. | |

The Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified by further order of the Court or by agreement of the parties.

3. Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include metadata absent a showing of good cause. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

6. Absent agreement of the parties or further order of the Court, the following parameters shall apply to ESI production:

A. **General Document Image Format**. Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF"), or at the discretion of the producing party, in native file format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document consists of more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

B. **Text-Searchable Documents**. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

C. **Footer**. Each document image shall contain a footer with a sequentially ascending production number.

D. **Native Files**. Except as otherwise agreed by the parties or ordered by the Court, electronically stored information need not be produced in native format. Metadata need not be produced. To the extent either party believes, on a case-by-case basis, that documents should be produced in an alternative format, or that certain types of native files or metadata should be produced or preserved, the parties have agreed that they will meet and confer in good faith concerning such alternative production arrangements. If they cannot reach agreement, the requesting party must file a motion to compel the production of the additional data that it requests.

      E.    **No Backup Restoration Required**.  Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

      F.    **Voicemail and Mobile Devices**.  Absent a showing of good cause, voicemails and ESI stored on PDAs, mobile phones, and the like need not be preserved, searched, or produced.

7.    General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email, the requesting party must propound specific email production requests.

8.    Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

9.    If email production requests are made, they shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art (i.e., Defendant's Prior Art Statement described in paragraph (f)(1)(A) of Dkt. No. 17), the accused instrumentalities (i.e., Defendant's Claim Chart described in paragraph (e)(2) of Dkt. No. 17), and the relevant finances.  The exchange of the initial disclosures and basic documentation about the patents, the prior art, and the accused instrumentalities shall occur at the time required under the Federal Rules of Civil Procedure, Local Rules, or by order of the Court.  The parties shall work cooperatively to identify the relevant custodians for email production requests.  Each requesting party may propound two written discovery requests (in addition to those provided for in the Rule 26(f) Report) to identify the proper custodians, proper search terms, and proper time

frame for e-mail production requests. The court may allow additional discovery upon a showing of good cause.

10.     Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

11.     Each requesting party shall limit its email production requests to a total of five non-attorney custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

12.     Each requesting party shall limit its email production requests to a total of eight search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase

shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

13. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

Dated: October 15, 2012                                    *s/Steven E. Rau*
                                                           Steven E. Rau
                                                           U.S. Magistrate Judge